IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cynthia O.,[1] | C/A No. 6:20-2907-CMC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration,[2] | |
| Defendant. | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on June 30, 2021, recommends that the decision of the Commissioner be reversed and the case remanded for further administrative action. ECF No. 22. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report

---

[1] As noted by the Magistrate Judge, the Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi should be substituted for Andrew Saul as the defendant in this suit.

and the serious consequences if they failed to do so. On July 14, 2021, Defendant filed notice that he would not file objections to the Report. ECF No. 23.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the decision of the Commissioner is reversed and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action.[3]

---

[3] The clerk of the Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.

**IT IS SO ORDERED.**

                                                  s/Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  Senior United States District Judge

Columbia, South Carolina
July 14, 2021